UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEON OMARIOJI SEAY,

    Petitioner,                          Civil No. 2:11-CV-10217
                                          HONORABLE MARIANNE O. BATTANI
v.                                 UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Keon Omarioji Seay, ("petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [1] In his pro se application, petitioner challenges his conviction for possession of less than twenty five grams of cocaine, M.C.L.A.333.7403(2)(a)(v); possession of marijuana, M.C.L.A. 333.7403(2)(d); possession of a dangerous weapon; M.C.L.A. 750.224(1)(d), felony-firearm, M.C.L.A. 750.227b; and being a second-felony habitual offender,

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Mound Correctional Facility, but has since been transferred to the Handlon Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. See Edwards v. Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); See also Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is the warden of Handlon Correctional Facility, the current location of petitioner. However, because the Court is denying the petition, it will not do so in this case. See Logan v. Booker, No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007)

1

M.C.L.A. 769.10. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion for summary judgment and a motion for the appointment of counsel. For the reasons stated below, the motion for the appointment of counsel is denied and petitioner's application for a writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court in Oakland County Circuit Court Case No. 2005-201300-FH. [2]

Petitioner's convictions were affirmed on appeal by the Michigan Court of Appeals. People v. Seay, No. 269759 (Mich.Ct.App. August 21, 2007). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. [3]

Petitioner filed a motion to vacate sentence with the Oakland County Circuit Court on or about July 16, 2008, in which he sought to set aside his

---

[2] Petitioner's case was consolidated for trial with a separate criminal file in Oakland County Circuit Court Case No. 2004-199297-FC, in which petitioner was charged with conspiracy to commit armed robbery, conspiracy to deliver or possess with intent to deliver marijuana, delivery or possession with intent to deliver marijuana, conspiracy to distribute or possess with intent to distribute an imitation controlled substance, distribution or possession with intent to distribute an imitation controlled substance, and assault with intent to rob while armed. Petitioner was convicted of all of these charges except the assault with intent to rob while armed charge. Petitioner does not appear to challenge his convictions from Case No. 2004-199297-FC in this petition.

[3] See Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated May 2, 2011 (Attached to Respondent's Motion for Summary Judgment as Appendix B).

felony-firearm conviction. [4] The state court denied petitioner's motion on March 18, 2009. People v. Seay, No. 2005-201300-FH (Oakland County Circuit Court, March 18, 2009). Petitioner did not appeal the denial of the motion to vacate sentence with the Michigan appellate courts.

On June 4, 2009, petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. People v. Seay, No. 2005-201300-FH (Oakland County Circuit Court, August 21, 2009). After the Michigan Court of Appeals denied petitioner's post-conviction appeal, People v. Seay, No. 295971 (Mich.Ct.App. May 3, 2010), collateral review of petitioner's case ended in the state courts on October 26, 2010, when the Michigan Supreme Court denied petitioner's application for leave to appeal. People v. Seay, 488 Mich. 913; 789 N.W. 2d 470 (2010).

Petitioner filed the instant petition with this Court on January 7, 2011. [5]

---

[4] It is not clear when petitioner actually filed this motion with the trial court, because it was never formally docketed with the court. The copy of the motion to vacate sentence that was obtained by the respondent from the Oakland County Prosecutor is not time-stamped. Because the motion is dated July 16, 2008, it is reasonable to assume that this is the very earliest that the motion could have been filed with the trial court. Petitioner does not dispute this filing date in his response to the motion for summary judgtment.

[5] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* Although the instant petition for writ of habeas corpus and brief in support are dated "December_, 2010," petitioner has attached to his petition an affidavit signed and dated January 7, 2011. It would be reasonable to assume from the attached affidavit that petitioner placed his habeas application in the prison mail for filing with this Court on January 7, 2011 and not at an earlier date in December of 2010. In his response to the motion for summary judgment, petitioner acknowledges that he filed his petition for writ of habeas corpus with this Court on January 7, 2011 and not at an earlier date. The Court will therefore consider this the date that petitioner filed his petition with this Court.

## II. Discussion

**A. The motion for the appointment of counsel.**

Petitioner has filed a motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. See Cobas v. Burgess, 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. Mira v. Marshall, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. See Thirkield v. Pitcher, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. Lemeshko v. Wrona, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. Id.

Counsel may be appointed, in exceptional cases, for a prisoner appearing pro se in a habeas action. Lemeshko, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting

pro se in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. Id.

In the present case, petitioner has filed a three page petition for writ of habeas corpus and a fourteen page brief in support of the petition for writ of habeas corpus, in which he raises three claims for relief. Petitioner has cited to numerous federal and state cases in his petition. Petitioner has also attached several exhibits to his petition. Petitioner has also filed a seven page response to the motion for summary judgment, in which he raises several arguments in opposition to the respondent's statute of limitations argument and cites to numerous cases. Petitioner therefore has the means and ability to present his claims to this Court. Accordingly, the motion for the appointment of counsel is DENIED.

**B. Respondent's motion for summary judgment.**

Respondent has filed a motion for summary judgment, asking this Court to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Sanders v. Freeman, 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment,

5

the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. Id. The summary judgment rule applies to habeas proceedings. See Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003). In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." Harris v. New York, 186 F.3d 243, 250 (2nd Cir. 1999); See also Cooey v. Strickland, 479 F. 3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and it governs the filing date for the habeas application in this case because the petitioner filed his petition after the AEDPA's effective date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. See Vroman v. Brigano, 346 F. 3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. See Isham v. Randle, 226 F. 3d 691, 694-95 (6th Cir. 2000), overruled on other grounds, Abela v. Martin, 348 F. 3d 164, 172-73 (6th Cir. 2003)(dismissing a habeas case filed thirteen days after the limitations period expired as untimely); Neal v. Bock, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001)(dismissing a habeas petition filed over one month after the limitations period had expired as untimely).

In the present case, the Michigan Court of Appeals denied petitioner's direct appeal on August 21, 2007. Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. See Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009). In this case, however, petitioner is not entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. See Eisermann v. Penarosa, 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999)(citing to Flynt v. Ohio, 451 U.S. 619 (1981); Street v. New York, 394 U.S. 576 (1969)).

Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed

7

application for leave to appeal with the Michigan Supreme Court. Rice v. Trippett, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute of limitations, on October 16, 2007, fifty six days after the Michigan Court of Appeals affirmed his conviction. See Brown v. McKee, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). The one year limitations period began to run the next day. Petitioner therefore had until October 17, 2008 to file his petition for writ of habeas corpus with this Court unless the limitations period was somehow tolled.

Petitioner filed a motion to vacate sentence with the trial court pursuant to M.C.R. 6.429, at the earliest, on July 16, 2008, after 273 days had elapsed under the one year limitations period.

The Court must resolve whether petitioner's motion to vacate sentence would be considered part of the direct review process or the collateral review process, for determining when the one year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). By the time that petitioner filed this motion, the Michigan Court of Appeals had already affirmed his appeal on direct review and the time for seeking leave to appeal with the Michigan Supreme Court had expired. Under M.C.R. 7.205(F)(2), a criminal defendant in Michigan is limited to a single appeal by right or leave from a conviction. See People v.

Jackson, 466 Mich. 390, 396; 633 N.W. 2d 825 (2001). In addition, the Sixth Circuit, in the context of determining the applicability of the U.S. Supreme Court's holding in Sandstrom v. Montana, [6] has noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." Wheeler v. Jones, 226 F. 3d 656, 659 (6th Cir. 2000)(citing to People v. Ward, 459 Mich. 602; 594 N.W. 2d 47, 52 (1999)). Moreover, regardless of its characterization, a postappeal motion brought by a criminal defendant in Michigan is reviewable only as a motion for relief from judgment brought pursuant to M.C.R. 6.500, et. seq. See People v. Kincade, 522 N.W. 2d 880, 882 (1994); See also Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

Because petitioner could no longer appeal his conviction by right or by leave, it appears that the Michigan courts could have construed this motion to vacate sentence as a motion for relief from judgment pursuant to M.C.R. 6.500, et. seq. Petitioner's motion is thus part of the collateral review process and the one year limitations period had already commenced pursuant to § 2244(d)(1)(A).

When petitioner filed his motion to vacate sentence, 273 days had already elapsed on the one year limitations period. The trial court denied the motion on March 18, 2009. There is no indication from the record or from either party that petitioner filed an appeal from the denial of this motion. A post-conviction

---

[6] 442 U.S. 510 (1979).

application is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006)(citing Carey v. Saffold, 536 U.S. 214 (2002))(emphasis in original). Because petitioner did not appeal from the denial of this motion, tolling of the limitations period ended on March 18, 2009 when the trial court denied the motion and the limitations period resumed running. Petitioner had ninety two days remaining to file his petition for writ of habeas corpus or to otherwise toll the limitations period.

Petitioner filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court on June 4, 2009, after an additional seventy eight days had elapsed under he statute of limitations. The limitations period remained tolled pursuant to 28 U.S.C. § 2244(d)(2) until the Michigan Supreme Court denied petitioner's post-conviction appeal on October 26, 2010. Petitioner had fourteen days remaining under the limitations period, or until November 9, 2010, to file his petition in compliance with the statute of limitations. Because petitioner by his own admission did not file his petition for writ of habeas corpus with this Court until January 7, 2011, the instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap v. United States, 250 F. 3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," Dunlap, 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. Id. at p. 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. See Jurado v. Burt, 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner argues that the limitations period should be equitably tolled because he had relied on the Legal Writers Program, which is a state funded assistance program, to have another inmate prepare his state post-conviction pleadings between 2008 and 2010. Petitioner claims that he gave his legal

11

materials to this inmate so that he could prepare his post-conviction pleadings. Petitioner alleges that once he had earned his General Equivalency Degree (GED), he was no longer eligible for assistance from the Legal Writers Program. Petitioner claims that his legal materials were misplaced by the Legal Writers Program and were not immediately returned to him once he had lost his eligibility to participate in the program. Petitioner claims that it took longer than seventy three days for his legal materials to be returned to him, thus preventing him from being able to file his habeas petition in a timely manner.

A state's effort to assist prisoners with their post-conviction proceedings does not make the state accountable for a prisoner's delay in complying with the AEDPA's limitations period. See Lawrence v. Florida, 549 U.S. 327, 337 (2007). Petitioner is not entitled to equitable tolling because of the Legal Writers Program's alleged retention of his legal materials, because petitioner has not alleged that the State of Michigan prevented him from hiring his own attorney or from representing himself in his post-conviction proceedings. Id. Moreover, the failure of a fellow inmate to timely return a habeas petitioner his legal materials is not a circumstance that would justify equitable tolling of the limitations period. See United States v. Cicero, 214 F. 3d 199, 204-05 (D.C. Cir. 2000)(federal inmate was not entitled to equitable tolling on the ground that prisoner gave his legal papers to "jailhouse lawyer" whose placement in segregation resulted in separation of prisoner from his papers, as prisoner entrusted his papers to

12

another at his own peril). Additionally, the denial of access to legal materials during petitioner's incarceration would not be an exceptional circumstance warranting the equitable tolling of the one year limitations period. Jones v. Gundy, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000). The right of access to the courts has never been equated with the access to legal materials. *Id.* Finally, petitioner's equitable tolling argument fails because there is no allegation or evidence that prison authorities or the Legal Writers Program had any improper motive in failing to return petitioner's legal materials to him more expeditiously. Cf. Dolphin v. Garraghty, 27 Fed.Appx. 496, 499 (6th Cir. 2001)(Guy, J., concurring).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schup v. Delo, 513 U.S. 298 (1995). See Souter v. Jones, 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 590 (quoting Schlup, 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324; Souter, 395 F. 3d at 590. The Sixth Circuit further noted that

13

"actual innocence means factual innocence, not mere legal insufficiency." Souter, 395 F. 3d at 590 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in Souter recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Id. (quoting Schlup, 513 U.S. at 321).

Petitioner initially argues that there was insufficient evidence to convict him of possessing the cocaine, the marijuana, and the firearm that was seized from the Bloomfield Orchard Apartments, where this evidence was recovered. Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. See Redmond v. Jackson, 295 F. Supp. 2d at 773; Grayson v. Grayson, 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

Petitioner next claims that his trial counsel was ineffective for failing to call Phelan Miller as a defense witness in order to refute her landlord's testimony that she had asked that petitioner's name be added to her lease on the apartment where the drugs and the weapon were found.

Petitioner would be unable to use this purported witness to support his claim of actual innocence, because he has offered no affidavit from Ms. Miller that would establish what her proposed testimony would be and whether she would be willing to testify on his behalf. See e.g. Townsend v. Lafler, 99 Fed.Appx. 606, 610 (6th Cir. 2004).

14

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in Souter, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. See Ross v. Berghuis, 417 F. 3d 552, 556 (6th Cir. 2005).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules

Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. Grayson, 185 F. Supp. 2d at 753.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing United States v. Youngblood, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. Id.

## IV. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **SUMMARILY**

**DENIED** pursuant to 28 U.S.C. § 2244(d)(1)**.**

IT IS FURTHER ORDERED that petitioner's motion for counsel is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal in forma pauperis.

                                                    s/Marianne O. Battani
                                                    **HONORABLE MARIANNE O. BATTANI**
Dated: **September 9, 2011**          **UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

                                                    s/Bernadette M. Thebolt
                                                    Case Manager